## In re REALTY ASSOCIATES SECURITIES CORPORATION.

## REALTY ASSOCIATES SECURITIES CORPORATION v. WOHLBRO REALTIES, Inc., et al.

### No. 263.

Circuit Court of Appeals, Second Circuit.
July 18, 1938.

Rehearing Denied Aug. 15, 1938.

Benjamin Jaffe, of New York City, for respondents-appellants.

Fred L. Gross, of Brooklyn, N. Y., for petitioner-appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On July 10, 1933, Realty Associates Securities Corporation filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on that day and receivers were appointed by the District Court who, on August 11, 1933, applied for an order requiring Martin Wohl and Harry Wohl to account for and turn over rentals collected as agents for the bankrupt from certain premises upon which the latter held second mortgages. The relief prayed for was granted. On August 25, 1933, a receiver to collect the rents and take possession of the mortgaged properties was appointed in a suit by the bankrupt to foreclose the mortgages in the State Court.

This is an appeal by Martin Wohl and Harry Wohl from the order of the District Court, made in the proceeding instituted by the receivers in bankruptcy, directing them to turn over the sum of $10,939.73 collected by them up to July 10, 1933, and to account for rent collections and disbursements made by them as agents of Realty Associates Securities Corporation during the period from July 10, 1933, to August 25, 1933. We think that the order was right and should be affirmed.

The second mortgages referred to as owned by Realty Associates Securities Corporation covered various Long Island properties and in May, 1932, had been reduced to $225,000. On May 31, 1932, the corporation agreed in writing with the respondents Martin Wohl and Harry Wohl to reduce the monthly amortization of $4,000 payable under the terms of the mortgages to the monthly sum of $2,000. The four respondents Wohlbro Realties, Inc., Long Island Hotels, Inc., Lincoln House, Inc., and Wohlbro Apartments, Inc., owners of properties covered by the mortgages, of which the Wohls were officers, in consideration of the foregoing, assigned the rents to be collected therefrom to the mortgagee and the mortgagee appointed the Wohls exclusive agents for the collection of the rents and they accepted the appointment in writing.

The decision of the issues between the parties depends entirely upon the effect to be given to the arrangement with the Wohls and to the assignment of the rents. The mortgagee claims that the assignment was a permanent one and that thereby it became entitled to all rents for the month of June, 1932, and for all subsequent months, whereas the respondents, who have appealed, insist that the owners of the mortgaged premises assigned the rents for the month of June, 1932 only. The court below held that the assignment and the agency continued until superseded by the intervention of the receivers in foreclosure on August 25, 1933, and accordingly ordered the Wohls to account for and pay all rents collected from and including June, 1932 up to August 25, 1933.

By letter of May 31, 1932, Realty Associates Securities Corporation, the mortgagee, made the initial agreement with the Wohls that the latter should collect the June rents on the mortgaged properties as its agents and should "make a complete and satisfactory accounting" and that "all of the income from the * * * properties will be segregated from the rest of your income." The letter added: "Your agency shall continue until further notice and shall be without compensation or charge of any kind except actual disbursements." It contained the final clause: "Management fee of 5% on June income allowed." The Wohls accepted the letter of May 31, 1932, and the agency therein contained. It was signed by the four corporations owning the mortgaged properties from which the rents were to be collected. They stated that they "agree

and approve all the provisions * * * and assign the rents from and after June 1st, 1932 * * * to Realty Associates Securities Corporation for the purpose set forth in said letter."

On June 27, 1932, the mortgagee wrote a second letter to the Wohls in which it agreed to extend the understanding of the letter of May 31, 1932, "with respect to your properties for the month of July, on the same basis except that our committee has authorized a payment of three per cent (3%) for management". The letter added:

"We feel that another three months' experience with this account will enable us to draw an agreement on a more permanent basis, so that our temporary arrangement may be made binding for a considerable period of time."

The Wohls accepted the letter of June 27, 1932, and the agency therein contained, and it was agreed to and approved by the four corporate owners in writing, but the latter added no clause assigning rents to such approval.

On August 12, 1932, the mortgagee wrote a third letter to the Wohls saying that it was its "intention to continue for an additional period of six months, i. e., from August 1st, 1932, to January 31, 1933, the engagement made with you under date of May 31st, 1932", and continuing the management fee of 3% on gross collections. The letter added: "You agree to turn over to us on the 10th and 20th days of each month, commencing with the 10th day of August, 1932, the net income from all properties covered by the above mentioned mortgages, and in any event you agree that we shall receive at least the sum of $7,500 per month."

The Wohls accepted this letter of August 12, 1932, and the agency therein contained, and the corporate owners agreed to and approved all its provisions but added no clause assigning rents.

The Wohls collected rentals from the mortgaged properties, made regular statements of account and also remittances to the mortgagee each month from June, 1932, to July, 1933. They were, however, allowed by the mortgagee as a matter of business convenience to carry balances of rentals which on July 10, 1933, amounted to $10,939.73. This amount the referee in bankruptcy directed to be paid and, on review, his order was confirmed by the District Court. The balance of $10,939.73 has not been paid over and the rents collected after July 10, 1933, have not been accounted for.

The Wohls insist that the balance of $10,939.73, as well as the rentals collected after July 10, 1933, belong to the mortgagors and not to the mortgagee. Their contention is based upon the theory that there was no assignment or agency effective after January 31, 1933. This contention is plainly unsound.

The assignment contained in the letter of May 31, 1932, was of the "rents from and after June 1st, 1932". That letter provided that the "agency should continue until further notice" and no notice of termination was ever given. By the two subsequent letters of June 27, 1932, and August 12, 1932, the agency was continued until January 31, 1933, and it is absurd to suppose that the continuance of this agency, ratified by the owners of the mortgaged properties, did not involve the continued existence of the assignment of rents. Surely the Wohls could not with the sanction of all parties in interest collect the rents for the mortgagee and make payments therefrom to the latter, if title to the rentals had not passed to it. The collections and the regular rendition of statements of account by the appellants between January 31, 1933, and July 10, 1933, coupled with the remittances to the mortgagee, furnish the clearest evidence that the parties intended and actually effected an assignment of rents continuing up to the time when the State receiver intervened on August 25, 1933. The Wohls insist that the agency ended on January 31, 1933, but Harry Wohl made no such claim when he testified before the referee on August 22, 1933. It would have been most natural for him to have made it then, if there were any basis for making it at all. Likewise the claim that the agency had terminated would naturally have been asserted in July, 1933, as a reason for refusing to pay over the net rent collections to the mortgagee, rather than the excuse given that the money might get tied up in the bankruptcy receivership—an excuse which was meaningless but was the only one actually put forward. Furthermore, if the agency terminated on January 31, 1933, and the statements rendered by the Wohls after that time were only rendered as a favor to the mortgagee, why did they continue to charge a management fee for their services as agents?

Appellants' contention that a summary proceeding could not properly be brought to reach the rentals is plainly without substance. In the first place the objection to the proceeding was based upon lack of proper service of the petition and order to show cause. That defect was cured. If there ever was any right to attack the jurisdiction of the court to entertain a summary proceeding because of the nature of the issues involved, it was waived by failure to object on that ground and by proceeding to a trial on the merits. But irrespective of any waiver, the bankruptcy court had jurisdiction thus to proceed for the reason that the property was in the hands of the bankrupt's agents or bailees and thus in the constructive possession of the bankruptcy court—also for the reason that the defense of the appellants was so unfounded as to be colorable and they were not entitled to trial in a plenary suit. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 432, 433, 44 S.Ct. 396, 398, 399, 68 L.Ed. 770.

Appellants in Point VII of their brief argue that the application to reach the rentals in their hands should be denied because all claims under the mortgages are in legal effect extinguished by the failure of the mortgagee to apply for a deficiency judgment after foreclosure under Section 1083-a of the New York Civil Practice Act. This position is untenable. Section 1083-a relates to deficiency judgments and to the application of moneys in the hands of a State Court receiver, an assignee of rents, or a mortgagee in possession after foreclosure and sale. In respect to the latter it provides that moneys in the hands of a mortgagee in possession or an assignee of rents and profits "shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for said property upon said sale." We do not know the price bid for the property but may assume from the statements in the appellants' brief that the purchase by the mortgagee was at nominal figures and that the judgment of foreclosure and sale far exceeded the amount paid upon the sale. The appellants have not suggested that the mortgagee will be overpaid if it gets the sums in their hands. Under such circumstances the net rents collected on behalf of the Realty Associates Securities Corporation belong to it as mortgagee-assignee and as plaintiff in the foreclosure action. Clearly Section 1083-a affords no defense to the claims of the mortgagee in the existing situation.

Order affirmed.

On Petition for Rehearing.

PER CURIAM.

Counsel for the appellants has called attention to the fact that the order of the District Court in the above proceeding dated September 1, 1937 (which is affirmed in the opinion of this court, filed July 18, 1938), provides that the appellants turn over the sum of $10,939.73 found to have been in their possession or under their control as agents on July 10, 1933, and that they are to render an account of all rent collections and disbursements made by them as agents of the Realty Associates Securities Corporation during the period from July 10, 1933, to August 25, 1933, inclusive.

The decision of the District Court which this court affirmed fixed the amount due on July 10, 1933, from appellants at the sum of $10,939.73, but that particular sum should not necessarily be paid over to the Clerk of the Court as directed by the order, but such sum as represents the aggregate of $10,939.73 collections from July 10, 1933, to August 25, 1933, inclusive, less any proper disbursements between July 10, 1933, and August 25, 1933, which may be allowed on the accounting to be had. Accordingly the order of the District Court dated September 1, 1937, should be so modified as to provide that Martin Wohl and Harry Wohl be and each of them hereby is held accountable to Realty Associates Securities Corporation for the sum of $10,939.73 found to have been due from them on July 10, 1933, and be directed to pay over such amount consisting of $10,939.73 plus all subsequent collections made by them from July 10, 1933, to August 25, 1933, inclusive, less such disbursements and expenses as shall be allowed from the total in the accounting directed by order of the District Court dated September 1, 1937.

The account shall be filed with the clerk of the United States District Court for the Eastern District of New York within ten days after the entry of the order on the mandate.

The petition for rehearing is denied except as to the modification above provided for.