774

## HALL v. GOGGIN et al.
### No. 10824.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1945.

Rollin L. McNitt, of Los Angeles, Cal. (Edythe Jacobs, of Los Angeles, Cal., of counsel), for appellant.

Grainger & Hunt, of Los Angeles, Cal., for appellee Goggin.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant is an assignee for the benefit of creditors under an assignment made more than four months prior to the bankruptcy of his assignor. He appeals from a summary order of the bankruptcy court surcharging his account and directing him to pay to the trustee certain sums of money held to be owing the bankrupt estate. The question presented relates to the court's jurisdiction to make the order.

Jurisdiction of the bankrupt's estate was acquired under an involuntary petition filed September 18, 1940, pursuant to which an adjudication was made September 23. Thereafter the referee ordered appellant to deliver to the trustee records in his possession pertaining to the business of the bankrupt and to file a schedule of his receipts and disbursements during the operation of the business from December 8, 1939 (the date of the assignment for the benefit of creditors), to September 18, 1940 (the date of filing the bankruptcy petition). Apparently the order was made ex parte. The record does not disclose the prior issuance or service of an order to show cause—the usual step preliminary to the initiation of a summary proceeding.

Appellant complied with the order. His account showed a small deficit after the payment of his agreed compensation and fees for his attorney, and he asked that the account be settled and allowed. There followed hearings before the referee in respect of certain objections interposed by the trustee concerning various items in the account. Appellant later filed an amended report setting forth in full the assignment to him of date December 8, 1939, and further asking that his amended account be settled and allowed. At this juncture, which was almost a year after the proceeding had been initiated, appellant orally objected to the referee's jurisdiction to proceed further in the matter, grounding his objection on the proposition that his account and report showed him to be an adverse claimant. The objection was overruled.

The trustee took exceptions to the amended report. Specifically, he charged appellant with losses due to the negligent handling of the bankrupt's business and with the improper payment of commissions for collecting the bankrupt's accounts receivable, this on the ground that the corporation receiving the commissions was the mere alter ego of appellant who had otherwise been compensated for his services. After a further hearing the referee made findings in harmony with the afore-

said contentions of the trustee. Appellant's account was accordingly surcharged in the amount of the claimed losses and excessive payments and he was ordered forthwith to pay over to the trustee the amount found owing. Appellant then petitioned for a review of the order. In his petition he reiterated and amplified his objection to the referee's exercise of summary jurisdiction. The court, however, adopted the referee's findings and approved his order.

Section 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, empowers bankruptcy courts to require an accounting from non-bankruptcy agents, trustees, receivers, or assignees for the benefit of creditors, and to surcharge the accounts of such representatives with the amount of any improper or excessive disbursement found to have been made by them.[1] The statute provides, however, "that such delivery and accounting shall not be required * * * if the receiver or trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy." The material portions of the statute are quoted on the margin.[2]

The trustee concedes, as he must, that the court lacked jurisdiction to compel the accounting, the assignment here having preceded bankruptcy by more than four months. But he contends that appellant waived his right to a plenary suit by participating in the summary proceeding and by failing timely to make the jurisdictional objection. We do not agree. The protest was interposed before the referee had made any final order in the matter. At that time the referee, in ruling on the objection, observed that the purpose of the inquiry was informational, stating: "If we have no authority to compel Mr. Hall to make restitution in the event we should find that he owes the bankrupt any money, then we will resort to other courts. We are trying to ascertain whether or not Mr. Hall owes this bankrupt estate any money. But as to the mode, or method, or procedure, that is another question."

In light of appellant's objection and of the statement of the referee as to the limited purpose of the hearing, we think the trustee is hardly in a position to claim the benefit of the consent rule. In Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, following Louisville Trust Co. v. Comingor, 184 U.S. 18, 25-26, 22 S.Ct. 293, 46 L.Ed. 413, the Court rejected the suggestion that summary jurisdiction is conferred merely by participating in the hearing on the merits. It held that objection to the jurisdiction is timely if made before entry of the referee's final order. True, the objection in Cline v. Kaplan was by formal written motion, whereas here it was oral. But we are satisfied that the oral protest was sufficient to negative consent. It appears to have been supported by extended reference to the authorities, and it was specific enough to enable the referee to understand that his power to make the order later entered was being directly challenged.

Reversed.

---

[1] These provisions were incorporated in the law by the Chandler Act, Act of June 22, 1938. They are corrective in character and represent an enlargement of the summary powers of bankruptcy courts. See Emil v. Hanley, 318 U.S. 515, 63 S.Ct. 687, 87 L.Ed. 954; Collier on Bankruptcy, 14th ed., Vol. 1, p. 320.

[2] "The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title * * * to—

* * * * * *

"(21) Require * * * assignees for the benefit of creditors * * * to deliver the property in their possession or under their control to the receiver or trustee appointed under this title * * * and in all such cases to account to the court for the disposition by them of the property of such bankrupt * * *: Provided, however, That such delivery and accounting shall not be required * * * if * * * the assignment was made * * * more than four months prior to the date of bankruptcy. Upon such accounting, the court shall reexamine and determine the propriety and reasonableness of all disbursements made out of such property by such * * * assignee, * * * either to himself or to others, for services and expenses under such * * * assignment * * * and shall, * * * surcharge such * * * assignee, * * * the amount of any disbursement determined by the court to have been improper or excessive." Act of June 22, 1938, 52 Stat. 842, 11 U.S. C.A. § 11, sub. a(21).