### HONEYMAN et ux. v. HUGHES.

No. 11234.

Circuit Court of Appeals, Ninth Circuit.

May 22, 1946.

Writ of Certiorari Denied Oct. 14, 1946.

See 67 S.Ct. 99.

28

Sidney Teiser, Wm. G. Keller, and Elton Watkins, all of Portland, Or., for appellants.

Coan & Rosenberg and Abe Eugene Rosenberg, all of Portland, Or., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Honeyman Hardware Company was adjudged bankrupt in May 1942. The case before us relates to a building claimed to be owned by the bankrupt, but to which appellant David Honeyman holds the legal title. An agreement had been made in 1933 between David and his two brothers in which David undertook to convey the property to the Hardware Company, the deed of conveyance, however, to be held in escrow by David as security. This property was and continued to be under lease to the General Electric Company. In June 1943 the bankruptcy court, by summary order, directed David to assign the lease and rentals to the bankruptcy trustee, appellee here. No review of this order was sought and it became final. In September of the same year a judgment was obtained in the district court directing the lessee to pay all rentals to the trustee.

In February 1944 the trustee filed with the referee a petition alleging ownership of the building in the bankrupt and praying that appellants, namely, David Honeyman and his wife, be ordered to turn over the deed thereto which they had executed pursuant to the 1933 agreement. The petition alleged that possession of the property was and had been since September 1943 in the trustee. Appellants answered, asserting ownership in themselves and taking issue with much of the petition but making no denial of the trustee's allegation of possession. A hearing on the merits followed at the conclusion of which the referee made findings and entered an order requiring appellants to turn over the deed in question. On application for review the judge affirmed the order and this appeal followed.

Appellants do not attack the referee's findings insofar as the merits are concerned. Their sole contention is that the bankruptcy court was without jurisdiction to proceed summarily, in that it did not have actual or constructive possession of the property and that the adverse claim asserted thereto by appellants was more than colorable. On the other side it is pointed out that appellants failed to controvert the trustee's allegation of possession, and it is argued that in any event they waived the right to litigate their claim by the ordinary procedure by failing seasonably to object to the exercise of summary jurisdiction.

The applicable principles are well understood. A bankruptcy court is empowered to adjudicate summarily adverse claims to property which is in the actual or constructive possession of the court. Thomp-

son v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Cline v. Kaplan, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L. Ed. 97. If the property is not in the court's possession and a third person asserts a substantial claim adverse to the trustee, he is entitled to have the merits of his claim determined in a plenary suit. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. But the right of the third person to litigate his claim in the ordinary way is waived by his failure to make timely objection to the exercise of summary jurisdiction. MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093.

█ Here the crucial issue of the court's possession was tendered in the petition of the trustee and was not met by appellants. Nor is the affirmative statement of their claim as contained in their answer necessarily inconsistent with the trustee's averment of possession. In this condition of the pleadings we think the court's possession must be taken as admitted. General Order 37, 11 U.S.C.A. following section 53; Rule 8(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Remington on Bankruptcy, 4th ed., Vol. 2, § 664.

██ Decision need not, however, rest on that ground alone; for no intelligible objection to the exercise of summary jurisdiction appears to have been voiced at any stage of the proceeding. Appellants call attention to the opening paragraph of their answer in which they stated that they were "appearing specially and not waiving any of their rights with respect to the insufficiency of the petition for turn over," and to a later averment to the effect that "said proposed order if carried into execution would be the taking of property without due process of law and finally the court is without jurisdiction in the premises." These statements, more especially when coupled with the absence of any denial of the court's possession, are too vague and general to raise the point. If an adverse claimant is unwilling to submit to an adjudication of his claim in a summary way there is no good reason why he should not be required explicitly to inform the referee of his objection. Com-

pare Cline v. Kaplan, supra; Hall v. Goggin, 9 Cir., 148 F.2d 774; In re Realty Associates Securities Corp., 2 Cir., 98 F.2d 722. He will not be permitted to speculate on the outcome of the proceeding, and then, if he loses the decision, for the first time understandably protest the procedure.

A study of the record persuades us that the point now urged is a mere afterthought. If it had been in the mind of counsel at the time of the hearing one would expect to find some reference to it in the petition for a review by the court. But there the only jurisdictional exception taken was grounded on the pendency of a suit by the trustee in an Oregon state court to obtain the same relief as that sought before the referee, it being thought, apparently, that the trustee had thereby committed himself and his cause irrevocably to the jurisdiction of the state court.

Affirmed.