GUARDIAN TITLE CO., Inc., Plaintiff-Appellant,

v.

Irving SULMEYER, Receiver In the Matter of Moral Investments, Inc., a California corporation, Defendant-Appellee.

No. 23289.

United States Court of Appeals
Ninth Circuit.

Oct. 16, 1969.

Rehearing Denied Nov. 18, 1969.

Edward V. Brennan (argued), of Lerg & Brennan, San Diego, Cal., for appellant.

Stephen Chrystie (argued), and Robert M. Carson of Buchalter, Nemer, Fields & Savitch, for Sulmeyer; Sulmeyer & Kupetz, Herman L. Glatt, Los Angeles, Cal., Edgar A. Luce of Luce,

Forward, Hamilton & Scripps, and Franklin B. Orfield, San Diego, Cal., for appellee.

Before JERTBERG and HUFSTEDLER, Circuit Judges, and FERGUSON*, District Judge.

HUFSTEDLER, Circuit Judge:

Appellant Guardian Title Co., Inc. ("Guardian"), appeals from a District Court order modifying and affirming the Referee's order in favor of Sulmeyer, the receiver for Moral Investments, Inc., the debtor in Chapter XI proceedings, awarding damages against Guardian for conversion of the debtor's assets. Guardian contends that the order is invalid because the bankruptcy court did not have personal jurisdiction of Guardian and because the court did not have subject matter jurisdiction of a conversion action.

At the time the Chapter XI petition was filed in the Southern District of California, the debtor's principal asset was its interest in a parcel of undeveloped California land. Notes secured by two deeds of trust were in default, and the holders of the trust deeds had begun foreclosure proceedings. The court restrained the foreclosure proceedings after it decided that the property was worth substantially more than the encumbrances. A refinancing plan was arranged whereby the receiver deposited into escrow $17,000 from the debtor's estate. The fund was to be divided equally between Irving Reamer and Northbrook Mortgage & Investment Co. ("Northbrook") upon the happening of certain conditions specified in the escrow instructions. In violation of the instructions and without the receiver's knowledge or consent, Guardian gave the money to Reamer and Northbrook, except for $300 which it retained for escrow fees. When the receiver discovered the transfers, he demanded return of the funds from Guardian, Reamer and Northbrook. His demand yielded

$7250. The receiver then applied to the bankruptcy court for an order directed to Guardian and others commanding return of the remaining $9750 and seeking costs and punitive damages.

The referee issued an order to show cause directed to Guardian and others. The order was served on Guardian in Maryland. It responded by filing a pleading entitled "Motion, Plea and Answer," in which Guardian (1) moved to dismiss the application "on the ground that it is in the wrong District," (2) sought a transfer to the District of Maryland, stating that it "pleads *forum non conveniens,*" and (3) answered on the merits. Guardian took no further action until after the hearing on the order to show cause at which time it filed objections to the proposed findings of fact and conclusions of law. The referee rejected Guardian's objections and issued an order awarding to the receiver $9750 compensatory damages, $9750 punitive damages, and costs. Guardian sought review in the District Court. That court modified the referee's order by striking the punitive damages against Guardian and affirmed the award as thus modified.

Guardian first argues that the bankruptcy court lacked jurisdiction to issue the order because personal service had not been made in accordance with Rule 4(f) of the Federal Rules of Civil Procedure. Assuming, arguendo, that the requirements of Rule 4(f) had not been met, Guardian failed specifically to raise this objection either by plea or motion filed before or concurrently with its answer on the merits and it thereby waived any deficiencies in the service of process. (Fed.R.Civ.P. 12(h) (1); *see* 2A Moore, Federal Practice and Procedure, ¶ 12.23, at 2448 n. 3 (1968), and authorities there cited.) The sole item to which Guardian can point to sustain its claim that it challenged the bankruptcy court's assertion of personal jurisdiction over it is one ambiguous sen-

---

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

tence in its "Motion, plea and Answer": "Your Respondent moves that the Application as to it be dismissed on the ground that it is in the wrong District for that your Respondent is a corporation incorporated under the Laws of the State of Maryland and is not licensed to do or doing business in the State of California." The next sentence is a motion to transfer venue to the District of Maryland.

 Guardian now says that it meant the quoted sentence (1) to constitute a special appearance, (2) to challenge the amenability of Guardian to service of process in California, (3) to attack the manner of serving process, and (4) to challenge the exercise of summary jurisdiction. It made no such claims in its petition to review the referee's order. In its petition the only oblique reference to the point is that "the Bankruptcy Court by implication refused to follow statutory venue requirements when it rendered judgment against Guardian * * *, notwithstanding the fact that Guardian * * is a corporation incorporated under the laws of * * * Maryland and is not licensed to do or doing business [1] in the State of California. We construe the motion to dismiss as a challenge to venue and not as a challenge to *in personam* jurisdiction. A motion or plea objecting to venue, unless venue by statute is itself jurisdictional, does not preserve a jurisdictional issue. (*E. g.* Branic v. Wheeling Steel Corp., 3 Cir., 1945, 152 F.2d 887, at 888, cert. denied, 1946, 327 U.S. 801, 66 S.Ct. 902, 90 L. Ed. 1026.)

Guardian next contends that the order is invalid because the bankruptcy court improperly assumed summary jurisdiction of the cause. We agree with the receiver that Guardian is deemed to have consented to summary jurisdiction by failing to interpose a timely objection to such jurisdiction in accordance with Section 2, sub. a(7) of the Bankruptcy Act (11 U.S.C. § 11(a) (7) (1964).[2]

Guardian recognizes that it must get around Section 2, sub. a(7), but the only vehicle available for the purpose is the same sentence we have heretofore quoted and construed adversely to Guardian. It stands no better as an objection to summary jurisdiction than it did as an objection to personal jurisdiction. (Honeyman v. Hughes, 9 Cir., 1946, 156 F.2d 27, 29.

The remaining arguments of Guardian do not have sufficient merit to warrant discussion.

The order is affirmed.

---

1. No evidence was offered by affidavit or otherwise directed to Guardian's amenability to process in California.

2. Section 2, sub. a (7) of the Bankruptcy Act, as amended in 1952, provides in pertinent part:

"[W]here in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or filed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction; * * *."