In the Matter of Elmer W. AHMANN, Jr., Bankrupt.

Petition of I. I. OZAR, Trustee, Petitioner.

No. 33785.

United States District Court, W. D. Missouri, W. D.

Sept. 3, 1971.

Henry G. Eager and Charles L. House, Kansas City, Mo., for Trustee I. I. Ozar.

Stephen B. Millin, Kansas City, Mo., for L. R. McLaughlin.

George M. Hare, Independence, Mo., for bankrupt.

## MEMORANDUM AND ORDER SUSTAINING TRUSTEE'S PETITION FOR REVIEW

JOHN W. OLIVER, District Judge.

The parties, pursuant to Local Rule 29, have stipulated that the Trustee's pending petition for review shall be considered upon the evidence and record adduced before the Referee and that no party wished to adduce any further evidence in this Court. We have considered the briefs of the parties submitted pursuant to the schedule agreed upon in their Local Rule 29 stipulation. We conclude that the Trustee's petition for review should be sustained.

I

Consistent with the principles stated in In re Cox (W.D.Mo., 1965), 244 F. Supp. 430, 433, we accept the Referee's finding as made in paragraphs 1 through 7, inclusive, 11 and 12 of his Findings of Fact. Findings 8 through 10 are not accepted because they are not relevant to any question presented in the case. It is necessary that this Court make additional findings, 5a, 5b, 5c and 7a which are relevant.

The Referee's first seven findings may be summarized as follows:

1. On March 11, 1968 the Trustee filed a Petition To Take Possession and Control of certain real property then in the actual physical possession of respondent L. R. McLaughlin. It is undisputed that such property was in Mr. McLaughlin's possession before the bankruptcy petition was filed.

2. L. R. McLaughlin was not named as a respondent in the Trustee's original petition filed March 11, 1968. However, in recognition of his claimed interest, Mr. McLaughlin promptly employed an attorney to represent the respondents who were named.

3. On April 18, 1968, Mr. McLaughlin's employed attorney filed a motion to dismiss the Trustee's petition on behalf of the respondents who were named. On that same day, Mr. McLaughlin joined the named respondents in the filing of a formal motion for a continuance.

4. On April 19, 1968 Mr. McLaughlin personally appeared together with his employed counsel in support of respondents' motion for a continuance. That motion was granted.

5. On May 3, 1968 Mr. McLaughlin again personally appeared with counsel and participated in an evidentiary hearing on the motion to dismiss.

5a. [Additional finding of this Court.] The transcript of the May 3, 1968 proceeding shows that the Referee was advised by the Trustee's counsel that "Mr. L. R. McLaughlin was apparently inadvertently not included as a respondent in the proceeding." (p. 4 May 3, 1968 transcript). Leave was therefore requested "to add Mr. L. R. McLaughlin as an individual respondent to our petition * * * without the formality of a show cause order, * * to endorse him and add him as a respondent." (Ibid, p. 4–5). Mr. McLaughlin's counsel stated to the Referee: "I would make no objection to that." (Ibid, p. 5). L. R. McLaughlin on May 3, 1968 was thus made a party respondent in the proceeding to take possession and control of the property which he claimed adversely to the Trustee.

5b. [Additional finding of this Court]. Any possible misunderstanding concerning the status of L. R. McLaughlin as a named respondent was removed by the Trustee's counsel's statement at the May 3, 1968 proceeding that "Mr. McLaughlin is formally added" and

by the agreement of Mr. McLaughlin's counsel that the Referee should proceed first with the Trustee's Motion to Dismiss Petitioner's Petition (Ibid, p. 6.) Indeed, the Referee confirmed with Mr. McLaughlin's counsel that Mr. McLaughlin was the new respondent who had been added and thereafter directed the parties to proceed with the hearing on the Trustee's petition (Ibid, p. 7).

5c. [Additional finding of this Court]. After that direction by the Referee, Mr. McLaughlin's counsel, "on behalf of Samuel Edmonds, Mid-West Apartment Contractors, Inc., Kathryn McLaughlin and L. R. McLaughlin," made an oral motion to dismiss based substantially on the same grounds as those stated in the formal motion filed April 18, 1968 (Ibid, p. 7). Mr. McLaughlin's counsel then proceeded to offer three exhibits in evidence and to make argument on the merits of his legal position (Ibid, p. 7).

6. On May 20, 1968, a memorandum brief was filed on behalf of respondents Sarah N. Ahmann, Samuel Edmonds, Mid-West Apartment Contractors, Inc., Kathryn M. McLaughlin and Robert McLaughlin. The Referee properly quoted language from that brief which shows that rather than objecting to the exercise of summary jurisdiction, the respondents sought an adjudication on the merits of their claim that the "Trustee in bankruptcy has no right to title or possession of land which was held by the entirety where only one of the spouses is in bankruptcy."

7. The Referee denied the respondents' motion to dismiss on June 25, 1968.

7a. [Additional finding of this Court]. Neither the written or oral motions filed on behalf of L. R. McLaughlin prior to the Referee's denial of those motions on June 25, 1968 had in fact interposed any objection to the exercise of summary jurisdiction by the Bankruptcy Court. Nor was any objection otherwise interposed to the exercise of summary jurisdiction by the Bankruptcy Court. Both motions were

predicated on the legal theory that the property had been held by the bankrupt and his wife as an estate in the entirety and that, because only he and not his wife had filed for bankruptcy, the Trustee could have no right to the property.[1]

The Referee's findings 11 and 12 reflect that almost a year later on June 16, 1969, for reasons not stated, the Referee granted L. R. McLaughlin and Kathryn M. McLaughlin leave to file a second motion to dismiss in which, for the first time, it was alleged (a) that the Court had no jurisdiction to grant relief in a summary proceeding; and (b) that the Trustee's petition failed to state a claim. That motion was heard and submitted on July 29, 1969, and thereafter granted on April 12, 1971.

## II

Paragraph 7 of the Referee's conclusions of law stated:

> The adverse claimant's participation in determining the facts and whether or not their claim was adverse and the property in their possession was proper and timely did not give this court summary jurisdiction by (1) express consent, or (2) by waiver through failure to raise a proper objection, or (3) by any act indicating a willingness on the part of the adverse claimant that their claim or interest could be determined by the bankruptcy court.

We conclude that the conclusion of law stated in paragraph 7 is not tenable under the undisputed factual circumstances of this case. Under § 2(a) (7) all courts of bankruptcy are vested with summary jurisdiction over all controversies "arising in a proceeding under this title [where] an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy."

That section further provides that where there is a failure to interpose a timely objection, the adverse claimant "shall be deemed to have consented to such jurisdiction."

It is clear under the facts as we find them that none of the respondents, including but not limited to Mr. McLaughlin, in fact interposed any objection to the summary jurisdiction of the Bankruptcy Court until after the Referee granted respondents leave to file a second motion to dismiss on June 16, 1969. The legal question presented by the Trustee's petition for review is whether, under all the facts and circumstances, the respondent must be "deemed to have consented" to the exercise of summary jurisdiction by the Bankruptcy Court within the meaning of § 2(a) (7), as amended in 1952, and § 23(b) of the Bankruptcy Act. That question must be answered in the affirmative.

Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), determined that the Bankruptcy Act confers summary jurisdiction to compel a claimant to surrender preferences that under § 57(g) would require disallowance of the claim. Footnote 9 on pages 332–333 of 382 U.S., on page 474 of 86 S.Ct. makes clear that Katchen v. Landy did not reach the question of "whether a referee has summary jurisdiction to adjudicate a demand by the trustee for affirmative relief which would involve factual and legal bases not disposed of in passing on an objection to a claim." That footnote also makes clear that the Court did not reach the factual question of whether the creditor in that case had "consented" within the meaning of § 23(b).

Katchen v. Landy, however, teaches that determination of statutory questions which arise under the Bank-

---

[1]. Paragraph 5 of the Referee's conclusion of law stated that "the adverse claimant at all times (with the exception of preserving the testimony of one of the Trustee's witnesses) objected to the right of this Court to proceed in a summary man-

ner." Treating that conclusion of law as a finding of fact, or at least as a mixed finding of fact and law, we refuse to accept it and determine that it is clearly erroneous in that it is unsupported by any substantial evidence in the record.

ruptcy Act and questions concerning the scope and jurisdiction of summary proceedings in bankruptcy must be determined "after due consideration of the structure and purpose of the Bankruptcy Act as a whole, as well as the particular provisions of the Act brought in question" (Ibid. 328, 86 S.Ct. 472). The Court added that:

When Congress enacted general revisions of the bankruptcy laws in 1898 and 1938, it gave "special attention to the subject of making [the bankruptcy laws] inexpensive in [their] administration." H.R.Rep. No. 1228, 54th Cong., 1st Sess., p. 2; H.R.Rep. No. 1409, 75th Cong., 1st Sess., p. 2; S.Rep. No. 1916, 75th Cong., 3d Sess., p. 2. Moreover, this Court has long recognized that a chief purpose of the bankruptcy laws is "to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." Ex parte Christy, 3 How. 292, 312, 11 L.Ed. 603, and that provision for summary disposition, "without regard to usual modes of trial attended by some necessary delay," is one of the means chosen by Congress to effectuate that purpose, Bailey v. Glover, 21 Wall. 342, 346, 22 L.Ed. 636. [Ibid, 328, 86 S.Ct. 472.]

The 1952 amendment to § 2(a) (7) must be considered in light of express Congressional rejection of what it believed was the restrictive effect of Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944). House Report No. 2320 on S. 2234, 82d Cong., 2d Sess., (1952), clearly reflects the intention of Congress to abrogate the rule stated in Cline v. Kaplan. That report stated:

Section 2(b) of the bill amends section 2(a) (7) of the act by adding a provision correcting a defect which has developed in section 23(a) of the act. It has seemed wiser, however, to amend section 2(a) (7) rather than section 23(a), in order to make the change applicable to the entire act including the debtor relief chapters.

The bankruptcy court, where a controversy involves property not in its actual or constructive possession, and adversely held, nevertheless has summary jurisdiction if the respondent consents thereto; and it has generally been held that a respondent consented when he did not object to such jurisdiction, either by preliminary motion or in his answer, and proceeded on the merits. Moonblatt v. Kosmin, 55 Am.B.R. (N.S.) 267, 139 F.2d 412 (C.C.A.3d 1943). However, in 1944 in Cline v. Kaplan, 323 U.S. 97, [65 S.Ct. 155, 89 L.Ed. 97], the Supreme Court overruled this line of cases and held, in effect, that a respondent is not to be deemed to have consented, if he made formal objection to the summary jurisdiction at any time before entry of the final order in the proceeding, even though the controversy had been proceeded with on its merits without his objecting to jurisdiction. This holding has unsettled sound procedure and an expeditious administration in bankruptcy. A respondent may now proceed on the merits and gamble on a favorable decision. When he perceives or fears that the decision will be against him on the merits, he may interpose his formal objection to jurisdiction at any time before the entry of the order, and, should his objection be sustained, the summary proceeding must be dismissed. In such event, the trustee is required to relitigate the issues in a plenary action.

The proposed amendment is intended to overcome this unsatisfactory situation and is keyed to rule 12(h) of the Federal Rules of Civil Procedure, which requires the timely interposition of an objection to jurisdiction and, if not so made, the defense is deemed waived. [Vol. 2 Collier, pp. 544–545]

Collier on Bankruptcy, ¶2.40, Vol. 2, p. 262, points out that the 1952 "amendment was made to § 2(a) (7), rather than to § 23, so that it would apply to all

sections of the Bankruptcy Act, including the debtor relief provisions."

Congress explicitly stated that the 1952 amendment to § 2(a) (7) was intended to correct the "unsatisfactory situation" created by the rule of Cline v. Kaplan and that, in order to accomplish that purpose, it keyed its § 2(a) (7) amendment to Rule 12(h) of the Federal Rules of Civil Procedure. That rule, as the House Report noted, requires the timely interposition of an objection to jurisdiction and if not so made, the defense is deemed waived.

United States v. Gajewski (8th Cir., 1970), 419 F.2d 1088, in a case involving a proceeding to enforce an Internal Revenue summons, determined that Rule 12(h) means exactly what it says and that a party waives all defenses and objections which he fails to present either by motion, answer, or other appropriate response. Guardian Title Co. v. Sulmeyer (9th Cir., 1969), 417 F.2d 1290, illustrates an application of Rule 12 (h) to a bankruptcy proceeding.

Bass v. Olson (9th Cir., 1967), 378 F.2d 818, is another example of a bankruptcy case in which the principles of consent and waiver incorporated in the 1952 amendment to § 2(a) (7) were applied. The somewhat complicated factual situation was summarized in footnote 4 on page 820 of 378 F.2d. The court stated that "the proceeding was in effect an action to quiet title in a bankruptcy court." Relying upon a number of cases the court concluded:

This is within the permissible jurisdictional limits of such a court because, when an adverse claimant comes into a bankruptcy court of his own motion asking for a determination of title to property, he waives his right to have his claim tried by plenary suit rather than summary proceedings, and at the same time consents to the entry of an affirmative judgment in favor of the trustee.

The factual situation presented in Bass v. Olson is quite comparable to what happened in this case up to the point the Referee refused to sustain respondents' legal contention based on their estate by the entirety theory by denying respondents' first motions to dismiss on June 25, 1968. It is obvious that Mr. McLaughlin and his counsel were perfectly content to have the Referee determine the merits of their alleged legal defense to the Trustee's petition until the Referee denied the 1968 motions to dismiss. Throughout all of the proceedings up to June 16, 1969, neither Mr. McLaughlin nor his counsel ever interposed any objection to the exercise of summary jurisdiction by the Bankruptcy Court. Certainly that was not a difficult thing to do.

Hall v. Goggin (9th Cir., 1945), 148 F.2d 774, 775, illustrates that an appropriate objection could have been interposed orally, as distinguished from filing a formal written motion. Teasdale v. Robinson (8th Cir., 1961), 290 F.2d 108, makes clear that had either an oral or written objection been interposed the participation of Mr. McLaughlin's counsel in further proceedings would not have constituted "consent" within the meaning of § 2(a) (7).[2] None of this took place. The respondents simply did not interpose any objection until almost a year after the Referee had denied their earlier motions on the merits.

2. Teasdale v. Robinson stated that it is "proper practice" for the Referee to hold "a hearing upon the question of his jurisdiction as well as upon the merits." The hearing on the merits, of course, would be held without prejudice to any timely objection interposed to the exercise of summary jurisdiction. The unnecessary delay in this case was occasioned by the cancellation of the hearing on the merits which was originally scheduled for May 21, 1969 and the Referee's granting leave to, in effect, rehear a motion determined a year earlier. This case should provide an excellent example of the reasons which support a general judicial policy that motions for rehearing matters once determined should be granted only under the most exceptional circumstances.

If Congress had not abrogated the rule of Cline v. Kaplan by its 1952 amendment to § 2(a) (7), perhaps the belated objection interposed by leave of the Referee to the exercise of summary jurisdiction may have been effective. But the 1952 amendment was precisely designed to prevent the obvious delay incident to the procedural rule articulated in that case. Application of § 2(a) (7) as amended to the factual situation presented requires the conclusion that the respondents must be deemed to have consented to the exercise of summary jurisdiction and that the Trustee's petition for review must be sustained.

### III

The long recognized purpose of the bankruptcy laws "to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period", Ex parte Christy, 3 How. 292, 313, 11 L.Ed. 603 (1845), (quoted with approval in Katchen v. Landy, *supra*, 382 U.S. at 328–329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391), has thus far been defeated in the administration of this bankruptcy estate.

In light of the fact that the Referee will be directed to promptly proceed with this matter, it is appropriate that we direct attention to several matters which became apparent during the study of the record of the proceedings conducted thus far in this case, That study revealed that none of the Federal Rules of Civil Procedure were properly followed or utilized in the processing of this case.

██ The Federal Rules of Civil Procedure are generally applicable to bankruptcy proceedings under General Order 37. Only where a Rule is deemed to be inconsistent with the expressed terms of the Bankruptcy Act or General Orders may it be considered to be inapplicable. Yet the record in this case shows that an undue amount of time was wasted in connection with the respondents' contention that the Trustee's petition "failed to state a claim upon which relief could be granted." Apparently the respondent seriously relied upon and the Referee was apparently concerned with cases such as Simpson v. Van Etten, 108 F. 199 (Cir.Ct. sitting in E.Pa., 1901) and In re Leech, 171 F. 622 (Ct.App. 6th Cir., 1909).

Those ancient cases apply rules of common law pleading totally inconsistent with Rule 1 of the Rules of Civil Procedure which requires that all the Rules be construed to "secure the just, speedy, and inexpensive determination of every action." Rule 8(a) provides for little more than a notice pleading. Rule 15 permits liberal amendment of pleadings, even after all evidence is adduced in a particular case. We are confident that no one will spend any more useless time on the form of the pleadings.

Rule 16 of the Rules of Civil Procedure rests ample power in the Referee to require counsel for all parties to abandon outmoded tactics of ambush and to prepare their respective cases for orderly trial on the merits of the controversy. We are confident that the Referee will direct counsel to appear for pretrial conference in order that the real issues be simplified, that unnecessary proof be eliminated by admissions of fact, and that procedures may be agreed upon which may aid in the speedy and orderly disposition of the case. The transcript of the proceedings in connection with the Trustee's motion reflects that the failure to utilize Rule 16 unnecessarily complicated the determination of this matter. We are confident that the Referee will at pretrial conference direct further proceedings consistent with the principles long approved by this Court en banc which are implicit in Local Rule 20 and in Standard Pretrial Order No. 4.

For the reasons stated, it is

Ordered that the Trustee's petition for review should be and is hereby sustained. It is further

Ordered that the Referee's order of April 12, 1971 granting respondents' motion to dismiss for want of summary

jurisdiction and setting aside the Referee's earlier order of June 25, 1968 denying respondents' original motion to dismiss should be and is hereby set aside. It is further

Ordered that the Referee exercise summary jurisdiction and promptly proceed to determine the merits of the Trustee's petition to take control and possession of real estate in a manner consistent with what is stated in part III of this opinion.