In the Matter of CITIZENS LOAN & SAVINGS COMPANY, Bankrupt.

George V. AYLWARD, Jr., Plaintiff,

v.

William GARVEY, Defendant.

Bankruptcy No. 77–60215–B–SJ.
Civ. No. 81–6009–CV–SJ.

United States District Court,
W. D. Missouri,
St. Joseph Division.

July 14, 1981.

Daniel J. Flanigan, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for plaintiff.

James H. Counts, Morton, Reed & Counts, St. Joseph, Mo., for defendant.

## ORDER OF REMAND TO THE BANKRUPTCY COURT AND DISMISSING PLAINTIFF'S APPEAL AS MOOT

SACHS, District Judge.

This action is before this Court in two different forms. It is in the district court upon the bankruptcy court's order of transfer pursuant to Rule 915 of the Rules of Bankruptcy Procedure, and on plaintiff's appeal from the order of the bankruptcy court transferring the action to this Court. By order of May 13, 1981, the parties were directed to show cause in writing within 21 days why this action should not be remanded to the bankruptcy court for further proceedings. On June 3, 1981, defendant Gar-vey filed a brief response objecting to remand. Plaintiff also responded to the order, and both parties filed briefs on the appeal.

The material facts are as follows: defendant was the brother-in-law of Richard H. Snooks, the sole shareholder, a director and president of Citizens Loan and Savings Company (Citizens). In August 1977 Citizens filed its petition under Chapter XI of the Bankruptcy Act. On January 20, 1978, the bankruptcy court entered its order directing Richard H. Snooks to turn over to the trustee the sum of $250,366. Snooks appealed from the order, but in January 1979 a stipulated consent judgment resolving the appeal was entered by the district court. The entry of a judgment against Snooks is in the amount of $184,491.[1]

After the filing of the bankruptcy petition and entry of the consent judgment, Richard Snooks turned over a total of $13,727.42 to the defendant or to corporations controlled by the defendant. See p. 2, Trustee's brief and defendant's concurrence with the trustee's statement of facts, p. 1, defendant's brief. Defendant, through his corporation Phoenix of Missouri, "on behalf of" Snooks and his wife, purchased a house. The $13,727.42 was to be applied to house payments made by the defendant, carpeting for the house, and repayment of loans from defendant to Snooks. $4,000 was "reloaned" to Snooks. The remainder was applied to the house payments and the carpeting.

The complaint for turnover was filed in the bankruptcy court in July 1979, and the answer was timely filed on July 31, 1979. Defendant's answer raises no objections to the summary jurisdiction of the bankruptcy court. It concludes with a customary request for dismissal for failure to state a claim upon which relief can be granted.

1. In its memorandum and order in *In the Matter of Citizens Loan and Savings (Aylward v. Murphy)*, 80–6017–SJ, this Court took note as follows of the unusual nature of the stipulated consent judgment:

> While it may be giving somewhat extravagant construction and effect to the district court's order to call it a "turnover order,"

... this Court concurs with the bankruptcy court that the stipulated consent judgment which resolved the appeal from the turnover order effectively places Snooks under a legal obligation to restore to the bankrupt's estate the amount of $184,491.69. It is not the "ordinary, plenary judgment for a debt."

Such conventions of pleading as the one exercised by the defendant do not constitute an objection to jurisdiction. No case law support has been located for such a proposition, and numerous decisions indicate otherwise. See e.g., *In re J. S. Mobile Homes*, 434 F.2d 1294 (9th Cir. 1970); *Guardian Title Co. v. Sulmeyer*, 417 F.2d 1290 (9th Cir. 1969); *Finkelstein v. Keith Fabrics, Inc.*, 278 F.2d 635 (5th Cir. 1960); *Coffman v. Cobra Mfg. Co.*, 214 F.2d 489 (9th Cir. 1954), cert. denied, 348 U.S. 912, 75 S.Ct. 291, 99 L.Ed. 715 (1955); *In re Warren*, 387 F.Supp. 1395 (S.D.Ohio 1975).

Without objection and without presentation of evidence by defendant, a hearing was held on the complaint in December 1979, and an order was prepared. The order was never entered, however; instead the parties were directed to show cause why the action should not be dismissed in light of this Court's decision in *Snooks v. Jackson*, 3 B.R. 377 (Bkrtcy.1980). The action was subsequently transferred to this Court pursuant to Rule 915, and an appeal was taken from the transfer order.

It was not until a few weeks ago that the defendant first objected to the summary jurisdiction of the bankruptcy court. As well briefed by plaintiff, under § 2(a)(7) of the Bankruptcy Act, if an adverse claimant fails to interpose a timely objection, he "shall be deemed to have consented to such jurisdiction." The 1952 amendment to the statute, which requires the timely interposition of an objection, was intended to eliminate the possibility, opened up by *Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944), that an adverse claimant could wait until he perceived that the decision might be going against him before objecting to jurisdiction. See House Report No. 2320 on S. 2234, 82d Cong., 2d Sess. (1952). Such motivation of course includes belated forum-shopping. On the basis of the text of § 2(a)(7) and the legislative history, my

colleague Judge Oliver found that the claimant in another case had consented to the jurisdiction of the bankruptcy court by delaying slightly less than a year before raising the objection. *In re Ahmann*, 331 F.Supp. 384 (W.D.Mo.1971).

In the present case nearly two years elapsed between complaint for turnover and the first objection to jurisdiction. In the meantime, the action had come on for hearing and an opinion had been prepared. The proposed order directing that defendant turn over a significant sum to the trustee was appended to the bankruptcy court's order to show cause why the action should not be dismissed. It was only after the action was transferred to this Court and an appeal had been taken that the defendant indicated any objection to summary jurisdiction. The present case has all the earmarks of the "unsatisfactory situation" created by the rule of *Cline v. Kaplan*, supra, which the waiver and consent provisions of § 2(a)(7) were intended to correct.[2]

This Court concludes, therefore, that defendant has waived objection to the summary jurisdiction of the bankruptcy court. Accordingly, it is hereby ORDERED that this action is remanded to the bankruptcy court for further proceedings.[3] It is further ORDERED that the appeal of the transfer order is dismissed as moot.

---

2. In light of the Court's ruling on the basis of waiver, constructive possession, another possible ground for the exercise of summary jurisdiction, need not be discussed. See, Memorandum and Order, *In re Citizens Loan and Savings (Alyward v. Murphy)*, 80–6017–SJ, supra.

3. This Court of course expresses no opinion on the merits of the action; mention was made of the proposed order directing turnover for the sole purpose of establishing that the defendant was aware of the opinion disfavoring him.